## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| **HARLEY CHAPMAN**, individually and on behalf of all others similarly situated, <br><br> vs. <br><br> **BULLROCK, LLC** | §   DOCKET NO. _____ <br> § <br> §   JURY TRIAL DEMANDED <br> § <br> §   COLLECTIVE ACTION PURSUANT <br> §   TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

1. Plaintiff Harley Chapman brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Bullrock, LLC under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").

2. Chapman and the other workers like him regularly worked for Bullrock in excess of forty hours each week.

3. But these workers never received overtime for hours worked in excess of forty hours in a single week.

4. Instead of paying overtime as required under the FLSA, Bullrock improperly classified Chapman and those similarly situated workers as independent contractors and paid them a day-rate with no overtime compensation.

5. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

8. Chapman performed worked for Bullrock in this District and Division.

9. Chapman resides in this District and Division.

10. Bullrock conducts substantial business operations in this District and Division, including maintaining a corporate office in in this District and Division.

## PARTIES

11. Chapman was employed by Bullrock in 2017 and 2018 as a water disposal operator and regularly worked in excess of 40 hours a week without receiving overtime pay. His written consent is attached as Exhibit A.

12. Chapman was misclassified as an independent contractor and paid a day-rate without overtime compensation. Chapman represents a class of similarly situated day-rate contractors under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The putative class was subjected to the same FLSA violations as Chapman and is properly defined as:

> **All workers employed by or performing work on behalf of Bullrock, LLC who were classified as independent contractors and paid a day-rate with no overtime compensation.** (the "Putative Class Members").

13. Defendant **Bullrock, LLC** is a North Dakota corporation doing business throughout the United States, including North Dakota. Bullrock may be served through its registered agent: **Timothy Redpath, 125 Main Street, Suite 405, Williston, North Dakota.**

## COVERAGE UNDER THE FLSA

14. At all times hereinafter mentioned, Bullrock has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

15. At all times hereinafter mentioned, Bullrock has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. §203(r).

16. At all times hereinafter mentioned, Bullrock was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the

FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Chapman and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### FACTUAL ALLEGATIONS

18. Bullrock is an oil and gas service provider operating across the United States, including North Dakota.

19. As part of its drilling related services, Bullrock or its clients use contract workers to perform the services required by its clients.

20. Many of the individuals who worked for Bullrock were paid a day-rate, misclassified as independent contractors, and make up the proposed Putative Class. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal day-rate pay practices for similar work.  These so-called contract workers were paid a day-rate for each day worked in the field, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

21. Bullrock's contract workers work long hours in excess of 40 hours a week.

22. While in the field, these workers regularly work 12 hours in a day, and more than 80 hours in a week.

23. For example, during his time classified as an independent contractor, Chapman performed the exact same work on behalf of Bullrock as its W2 employees but was classified as an

independent contractor and paid a day-rate with no overtime compensation.

24. Many individuals worked for Bullrock on a day-rate basis without overtime and were classified as independent contractors.

25. Chapman and the Putative Class Members worked for Bullrock under this pay scheme.

26. Chapman and the Putative Class Members received a day-rate.

27. Chapman and the Putative Class Members did not receive overtime pay.

28. Chapman and the Putative Class Members are subjected to the same or similar pay practices for similar work.

29. Chapman and the Putative Class Members worked overtime for Bullrock.

30. Chapman and the Putative Class Members often worked at least 12 hours a day, often 7 days a week.

31. Without the job performed by Chapman and the Putative Class Members, Bullrock would not be able to complete its business objectives.

32. Chapman and the Putative Class Members rely on Bullrock for work and compensation.

33. Chapman and the Putative Class Members work in accordance with the schedule set by Bullrock.

34. Chapman and the Putative Class Members are not permitted by Bullrock to subcontract out the work they are assigned to do by Bullrock.

35. Chapman and the Putative Class Members must follow Bullrock's policies and procedures.

36. Chapman and the Putative Class Members' work must adhere to the quality standards put in place by Bullrock.

37. Chapman and the Putative Class Members did not substantially invest in the tools required to complete the overall job to which they were assigned.

38. Chapman and the Putative Class Members did not possess any specialized or unique skill set.

39. Chapman and the Putative Class Members were blue collar workers.

40. Chapman and the Putative Class Members did not market their services, while employed by Bullrock.

41. Chapman and the Putative Class Members worked exclusively for Bullrock.

42. Chapman and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

43. Bullrock set Chapman and the Putative Class Members' rates of pay, work schedule, and prohibited them from working other jobs for other companies while working on jobs for Bullrock.

44. Bullrock required Chapman and the Putative Class Members to work substantial overtime without overtime compensation.

45. Bullrock classified Chapman and the Putative Class Members as exempt from the overtime requirements, as independent contractors.

46. Bullrock does not pay its contract workers overtime for hours worked in excess of 40 in a workweek.

47. Instead, Bullrock pays contract workers a day-rate for days worked out in the field.

48. As a result of Bullrock's pay policies, Chapman and the Putative Class Members were denied the overtime pay required by federal law.

49. Bullrock keeps accurate records of the hours, or at least days, its contract workers work.

50. It also keeps accurate records of the amount of pay these contract workers receive.

51. Despite knowing the FLSA's requirements and that its contract workers regularly worked more than 40 hours in a workweek, Bullrock does not pay them overtime.

**FLSA Violations**

52. As set forth herein, Bullrock has violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

53. Bullrock knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Chapman and the Putative Class Members overtime compensation. Bullrock's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

54. Accordingly, Chapman and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

**Collective Action Allegations**

55. Chapman incorporates all previous paragraphs and alleges that the illegal pay practices Bullrock imposed on Plaintiff were likewise imposed on the Putative Class Members.

56. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

57. Numerous other individuals who worked with Chapman indicated they were improperly classified as independent contractors, paid in the same day-rate manner, performed

similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

58. Based on his experiences and tenure with Bullrock, Chapman is aware that Bullrock's illegal practices were imposed on the Putative Class Members.

59. The Putative Class Members were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

60. Bullrock's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

61. Chapman's experiences are therefore typical of the experiences of the Putative Class Members.

62. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

63. Chapman has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Chapman has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

64. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

65. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Bullrock will reap the unjust benefits of violating the FLSA and applicable state labor laws.

66. Furthermore, even if some of the Putative Class Members could afford individual litigation against Bullrock, it would be unduly burdensome to the judicial system.

67. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

68. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Bullrock employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA;

    b. Whether the Putative Class Members were improperly misclassified as independent contractors;

    c. Whether Bullrock's decision to classify the Putative Class Members as independent contractors and pay a day-rate was made in good faith;

    d. Whether Bullrock's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    e. Whether Bullrock's violation of the FLSA was willful; and

    f. Whether Bullrock's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

69. Chapman's claims are typical of the claims of the Putative Class Members. Chapman and the Putative Class Members sustained damages arising out of Bullrock's illegal and uniform day-rate employment policy.

70. Chapman knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

71. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

**JURY DEMAND**

72. Chapman demands a trial by jury.

**PRAYER**

WHEREFORE, Chapman prays for:

a. An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. Sec. 216(b);

b. An order finding Bullrock liable for violation of federal wage laws with respect to Chapman and all Putative Class Members covered by this case;

c. A judgment against Bullrock awarding Chapman and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages and/or penalty damages;

d. An order awarding attorney fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807

**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**
